1  JORDAN SUSMAN, Esq. (SBN 246116)
   jsusman@jsusmanlaw.com
2  LAW OFFICE OF JORDAN SUSMAN
   1100 Glendon Avenue, 14th Floor
3  Los Angeles, California 90024-3503
   Telephone: (310) 500-3493
4  Facsimile: (310) 500-3501

5

6  Attorneys for Plaintiffs
   CHRISTOPHER ORLANDO TORRES
7  and NYANIFY, INC.

8

9

10                IN THE UNITED STATES DISTRICT COURT

11                FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13  CHRISTOPHER ORLANDO TORRES,  )  Case No. CV12-8514-CAS (SSx)
    an individual, NYANIFY, INC. a Texas )
14  Corporation,                         )  COMPLAINT FOR:
                                         )
15             Plaintiffs,               )  (1) COPYRIGHT
                                         )      INFRINGEMENT
16       vs.                             )
                                         )  (2) TRADEMARK
17  ARUN MARIAPPAN, an individual,       )      INFRINGEMENT
    SOCIALSOFT, INC. a California        )
18  Corporation,                         )  (3) FALSE DESIGNATION OF
                                         )      ORIGIN
19             Defendant.                )
                                         )  (4) UNFAIR BUSINESS
20                                       )      PRACTICES
                                         )
21                                       )
                                         )
22                                       )
                                         )
23                                       )
                                         )  **DEMAND FOR JURY TRIAL**
24                                       )

25

26

27

28

COMPLAINT

Plaintiffs Christopher Orlando Torres and Nyanify, Inc. allege as follows:

## THE PARTIES

1. At all times mentioned herein, Plaintiff Christopher Orlando Torres was and is an individual residing in the State of Texas.

2. Plaintiff Nyanify, Inc. was and is a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business in Texas. It was established in April 2012.

3. On information and belief, at all times mentioned herein, Defendant Arun Mariappan was and is an individual residing in the State of California, County unknown.

4. On information and belief, at all times mentioned herein, Defendant SocialSoft, Inc. ("SocialSoft") was and is a limited liability company duly organized under the laws of the State of California with its principal place of business in Santa Clara County. On information and belief, SocialSoft has been suspended from operating by the California Secretary of State.

5. On information and belief, at all times mentioned herein, Defendant Arun Mariappan was and is the owner and manager of SocialSoft.

6. On information and belief, at all times mentioned herein, each of the defendants was the agent, employee, and/or alter ego of the other defendants, and was at all times mentioned herein, acting within the scope of such agency, employment or conspiracy.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this case involves claims arising under the Copyright Act of 1976. This Court further has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 in that this case involves claims arising under the Lanham Act.

8. This Court has supplemental jurisdiction over the claims alleging

violations of state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

9. This Court has personal jurisdiction over the Defendants in that Defendants have consented to jurisdiction in California. In addition, Defendants conducted business in this district, and the infringing acts alleged in this Complaint occurred in this district. Further, Defendants knew that their infringing acts would cause harm to Plaintiffs in this district.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims alleged herein occurred in this district.

## GENERAL ALLEGATIONS

11. Plaintiff Torres is the creator and owner of the copyright and trademark in the work of visual art famously known as "Nyan Cat" (the "Work" or the "Mark"). Torres is also the owner of common law trademark rights in and to the trademark "Nyan Cat", and is the owner of pending application serial number 85357643 for such mark with the US Patent and Trademark Office, as well as pending application serial number 85576370 with respect to the visual elements of the Nyan Cat character.

12. Nyan Cat is a computer-generated depiction of a cat traveling through space, blazing a rainbow trail in its wake. A true and correct copy of Nyan Cat is attached hereto as Exhibit 1 and is incorporated herein by reference.

13. In April 2011, Torres registered the Work with the U.S. Copyright Office as reflected in Registration Number VAu001063390. A true and correct copy of Torres's copyright registration is attached hereto as Exhibit 2 and is incorporated herein by reference.

14. Since its creation, Torres has used Nyan Cat in interstate commerce. In addition, the Work is inherently distinctive, and it has acquired considerable value that is associated with Plaintiffs and the games and goods they have licensed. The public uses the Mark to identify Plaintiffs as the source of Nyan Cat goods and

services. In March 2012, Torres registered the Nyan Cat Mark with the Trademark Office for class 16 (jewelry) and applied for an intent to use application with regard to classes 9 (computers and software), 16 (paper items), 25 (clothing), 28 (games and toys).

15. The Work has enjoyed tremendous worldwide popularity. Since it was posted on YouTube in April 2011, Nyan Cat has become an internet viral phenomenon, with more than 85.5 million YouTube views as of October 2012, and has become an instantly recognizable work throughout the world. The subject video was YouTube's fifth most viewed video of 2011, and Nyan Cat won the 2011 Webby for "Meme of the Year."

16. In accordance with established intellectual property laws, third party licensees throughout the world have paid significant fees for the use of the Nyan Cat image on clothing, merchandise, and other goods, and Nyan Cat has likewise garnered considerable commercial value and income as a result of such lawful uses thereof in connection with products.

17. In or about 2011, Defendants began to commercially advertise and sell two (2) Nyan Cat knock off mobile applications or "apps" on the internet through Apple's iTunes and Google's Android Market, among other places. Defendants made no attempt to hide their infringing activities, advertising such apps as legitimate "Nyan Cat" apps by entitling them "Nyan Cat" and "Nyan Cat [full]" respectively.

18. On or about December 20, 2011, counsel for Plaintiffs sent SocialSoft a cease and desist letter that itemized SocialSoft's infringing conduct. Plaintiff concurrently sent four (4) copyright infringement DMCA notifications to the Apple iTunes store and the Android Market regarding each infringing App, and requesting a take-down of such apps.

19. On or about December 22, 2011, a representative from SocialSoft responded and acknowledged Plaintiffs' intellectual property. The SocialSoft

representative further acknowledged SocialSoft's wrongful acts and "profusely" apologized for what he claimed was an "honest mistake" and suggested that SocialSoft "license the art" from Plaintiffs.

20. In subsequent correspondence, SocialSoft stated categorically that it would contact iTunes and request that its offending products be removed from the site. SocialSoft further stated its desire to enter into a settlement agreement and payment arrangement with Plaintiffs to resolve its wrongful acts.

21. Plaintiffs' counsel repeatedly thereafter instructed Defendants to cease any further infringing activities. These cease and desist demands were made via email on December 23, 2011, January 5, 2012, and January 10, 2012, and in a telephone conversation with Defendant Mariappan on January 6, 2012, among other times.

22. Despite the foregoing, Defendants continued to engage in blatant and willful infringement of Plaintiffs' intellectual property by using the Work in connection with products and merchandise that Defendants created, marketed, and sold at least four (4) more such apps to the public embodying Plaintiffs' Work or derivations thereof. Defendants took these actions with full knowledge that they had no rights in or to the Work, and in blatant disregard of Plaintiffs' rights, of which Defendants had actual knowledge and which Defendants acknowledged.

23. On or about September 24, 2012, Google forwarded to Plaintiffs' counsel a counter-notification it received from Defendants, in which Mr. Mariappan claimed "a good faith belief that this material [nyan cat] was removed or disabled in error as a result of mistake or misidentification," and swore to such belief under penalty of perjury. Based upon Defendants' previous correspondence, Defendants' counter-notification is blatantly false and was made with the intent to mislead Google. By virtue of Defendants' counter-notification, Defendants also consented to the jurisdiction of Federal District court in California, and stated that they will accept service of process from Plaintiff.

COMPLAINT — 5 —

24. On information and belief, Defendants have attempted to capitalize and profit from Plaintiffs' commercial success and the goodwill and fame associated with the Work by attempting to confuse the public into believing that their merchandise and products are affiliated with, sponsored, created, and/or endorsed by Plaintiffs.

25. As a result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the extent they have (1) lost the right to control the commercial and trade use of the Work, (2) lost earnings from potential app sales, and (3) suffered damage to their reputation and goodwill.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement Against All Defendants)

26. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 25 hereinafter as if the same were fully set forth at length herein.

27. Since the date of creation, Plaintiff Torres has been, and continues to be, proprietor of the right, title and interest in and to the copyright in the Work.

28. Plaintiffs complying in all respects with the Copyright laws of the United States, duly registered the Work with United States Copyright Office on or about April 18, 2011 and received from the Register of Copyrights the Certificate of Registration number VAu001063390.

29. Through their conduct as alleged herein, Defendants have infringed Plaintiffs' copyright and exclusive rights in the Work under 17 U.S.C. § 106.

30. The foregoing acts of infringement by Defendants have been willful, intentional, and purposeful in disregard of and indifference to the rights of Plaintiff.

31. Plaintiffs have notified Defendants in writing of their violations of Plaintiffs' rights and demanded that Defendants cease and desist their unlawful conduct. Defendants have failed and refused to cease and desist from their unlawful conduct.

32.    Accordingly, Plaintiffs are entitled to judgment against Defendants for their actual damages and/or statutory damages in the amount of $150,000 with respect to each item infringed, interest, costs, attorneys' fees, and an injunction to prevent future infringement by Defendants.

## SECOND CLAIM FOR RELIEF
### (Common Law Trademark Infringement Against All Defendants)

33.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 32 hereinafter as if the same were fully set forth at length herein.

34.    Plaintiffs are the sole owners of the Nyan Cat Mark. Plaintiffs have used the Mark continuously in interstate commerce since 2011. The Mark is an inherently distinctive trademark associated with the goods and services related to Plaintiffs.

35.    Defendants' acts constitute trademark infringement by virtue of their unlawful use, without permission, of Plaintiffs' valuable trademark and marks confusingly similar thereto, so as to willfully confuse, deceive, and divert the public, and to enhance the value of Defendants' business.

36.    Defendants have continued to use Plaintiffs' Mark notwithstanding that they have actual knowledge of Plaintiffs' superior trademark as alleged herein. As such, the actions of Defendants constitute a bad faith, deliberate, intentional, and willful attempt to trade on Plaintiffs' reputation and goodwill to confuse or deceive purchasers, and to interfere with Plaintiffs' business and other relationships with their partners and the public, resulting in substantial injury to Plaintiffs.

37.    Plaintiffs have been damaged and will continue to be damaged by Defendants' infringement as alleged herein. As a direct and proximate result of Defendants' infringement of Plaintiffs' rights in the Mark, Plaintiffs' are entitled to monetary damages under common law in an amount to be determined at trial.

38.    Defendants' acts greatly and irreparably damage Plaintiffs and will

continue to damage Plaintiffs unless restrained by this Court, and Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from using Plaintiffs' Mark or any marks confusingly similar thereto in connection with the business of manufacturing, marketing, advertising, or sales of apps, clothing, games, or any other product or service of Plaintiffs.

39. Plaintiffs are also entitled to recover profits Defendants received as a result of their willful and wrongful use of Plaintiffs' Mark.

40. The conduct of Defendants was willful, malicious, oppressive, fraudulent, and undertaken with deliberate disregard for Plaintiffs' rights. Plaintiffs are therefore entitled to an award of exemplary and punitive damages.

### THIRD CLAIM FOR RELIEF

### (Lanham Act § 43(a) – False Designation of Origin

### Against All Defendants – 15 U.S.C. § 1125(a))

41. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 40 hereinafter as if the same were fully set forth at length herein.

42. By virtue of Plaintiffs' use of the Mark in connection with a variety of goods, the Nyan Cat Mark has acquired secondary meaning whereby the consuming public associates the Mark with a single source of goods.

43. Defendants intended to, and did, confuse and mislead the public, and did misrepresent and create the false impression that Plaintiffs authorized, originated, sponsored, approved, licensed or participated in Defendants' use of the Mark.

44. In fact, there is no connection or association or licensing relationship between Plaintiffs and Defendants. Plaintiffs have not authorized, licensed, or given permission to Defendants to use the Nyan Cat Mark in any manner whatsoever.

45. Accordingly, Defendants have created and will create a false representation concerning an association or connection between Plaintiffs and

Defendants, and have created and will continue to create a false designation of the origin of Defendants' goods.

46. As a direct and proximate result of Defendants' creation of (1) a false representation of association between Plaintiffs and Defendants, and (2) Defendants' creation of a false designation of the origin of Defendants' goods, there is a likelihood of confusion between Defendants' and Plaintiffs' marks, thus resulting in damage to the Plaintiffs, who will continue to be damaged.

47. Pursuant to 15 U.S.C. § 1116(a), Plaintiffs are entitled to an order enjoining Defendants from using the Nyan Cat Mark or any variation thereof.

48. Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an order (1) requiring Defendants to account to Plaintiffs for any and all profits derived by Defendants from their actions, to be increased in accordance with the applicable provisions of the law, and (2) awarding all damages sustained by Plaintiffs that was caused by Defendants.

49. Defendants' conduct alleged herein was willful and intentional, and consequently, Plaintiffs are entitled to an award of treble damages pursuant to 15 U.S.C. § 1117(b).

50. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiffs are entitled to an award of attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition Against All Defendants – California Business and Professions Code § 17200 *et seq.*)**

51. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 50 hereinafter as if the same were fully set forth at length herein.

52. Defendants' acts constitute unlawful, unfair, and fraudulent business practices pursuant to California Business and Professions Code section 17200 *et seq.*

53. Plaintiffs have been damaged and will continue to be damaged by Defendants' unlawful, unfair, and fraudulent business practices as described herein.

54. Plaintiffs are entitled to an injunction prohibiting Defendants from continuing the practices described herein and disgorgement of all monies acquired by Defendants by means of their wrongful acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF FOR COPYRIGHT INFRINGEMENT

1. For Plaintiffs' damages in such amount as may be found; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each copyright infringed, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

2. For a preliminary and a permanent injunction enjoining Defendants and their respective agents, successors, licensees, and assigns, and all persons acting in concert or participation with each or any of them, from distributing, displaying or posting the Work.

### ON THE SECOND CLAIM FOR TRADEMARK INFRINGEMENT

3. Temporary, preliminary, and/or permanent injunctive relief;

4. General and specific damages in an amount to be determined according to proof at trial;

5. Disgorgement of all profits Defendants' received as a result of their willful and wrongful use of Plaintiffs' Mark;

6. Exemplary and punitive damages in an amount to be determined according to proof at trial;

### ON THE THIRD CLAIM FOR FALSE DESIGNATION OF ORIGIN

7. Temporary, preliminary, and/or permanent injunctive relief;

8. A seizure order pursuant to 15 U.S.C. § 116(d);

9. An order impounding and destroying all infringing goods pursuant to

COMPLAINT - 10 -

15 U.S.C. § 118;

10. Restitution and disgorgement of any profits Defendants generated through sales of their infringing goods;

11. General and specific damages in an amount to be determined according to proof at trial;

12. Treble damages pursuant to 15 U.S.C. § 1117(b);

### ON THE FOURTH CLAIM FOR UNFAIR COMPETITION

13. Temporary, preliminary, and/or permanent injunctive relief;

14. The imposition of a constructive trust requiring that any monies received by Defendants as a result of their unfair business practices be held therein for the sole and exclusive benefit of Plaintiffs;

### ON ALL CAUSES OF ACTION

1. Costs of suit as permitted by law;

2. For attorneys' fees as permitted by law;

3. Interest at the maximum legal rate as may be provided by law;

4. For such other relief as the Court deems just and proper.

Dated: October 3, 2012

LAW OFFICE OF JORDAN SUSMAN
A PROFESSIONAL CORPORATION

By: _____
Jordan Susman
Attorneys for Plaintiffs Christopher Orlando Torres and Nyanify, Inc.

# EXHIBIT "1"



12

EXHIBIT 1
1 OF 1

# EXHIBIT "2"

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Acting Register of Copyrights, United States of America

**Registration Number**
VAu 1-063-390

**Effective date of registration:**
April 18, 2011

## Title
**Title of Work:** Nyan Cat

## Completion/Publication
**Year of Completion:** 2011
**International Standard Number:** ISBN

## Author
- **Author:** Christopher Orlando Torres, dba LOL_Comics
  **Author Created:** 2-D artwork
  **Work made for hire:** No
  **Citizen of:** United States       **Domiciled in:** United States
  **Year Born:** 1985

## Copyright claimant
**Copyright Claimant:** Christopher Orlando Torres
2824 Ermine Way, Farmers Branch, TX, 75234

## Rights and Permissions
**Organization Name:** LOL_Comics
**Name:** Christopher Orlando Torres
**Email:** pr@prguitarman.com       **Telephone:** 214-460-4251
**Address:** 2824 Ermine Way
Farmers Branch, TX 75234 United States

## Certification
**Name:** Christopher Orlando Torres
**Date:** April 16, 2011

EXHIBIT 2 Page 1 of
1 OF 1

13